UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 APR 12  PM 4: 35

CLERK
BY_____Aw_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:21-cr-6 |
| VARIAN LEFEBVRE, | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by the parties and ordered by the Court that the following protective order be issued pursuant to Fed. R. Cr. P 16(d), in order to protect the identity and safety of potential witnesses and to protect the privacy of individuals, good cause having been shown.

1. The government will produce discovery material to defense counsel designated as "Protected Discovery" in the spreadsheets provided along with discovery or otherwise identified in the government's sole discretion in writing as such.

2. The Protected Discovery includes discovery material, in whatever format, that either individually or collectively could be used to discern the identification of government witnesses and informants (for example, because it describes the individuals, their activities, or their assistance to law enforcement, contains any statements of the individuals, captures the individuals image or voice, or contains

1

any other information that could reasonably be used to discern the identity of the individuals). This Protected Discovery may include statements made by witnesses in grand jury transcripts, reports of interviews, affidavits, sworn statements, or other documents.

3. The Protected Discovery shall not be copied or disseminated to anyone other than defense counsel or "defense counsel's team" (as defined below) and must remain in the custody of defense counsel at all times. Defense counsel shall not share witness statements with co-defendants or other defense counsel except defense counsel to whom the government has produced the same materials.

4. "Defense counsel's team" includes paralegals, investigators, translators, litigation support personnel and secretarial staff employed by defense counsel, who are assigned to assist in the preparation of the defense. Defense counsel's team also includes those persons who are formally engaged to assist in the preparation of the defense, including expert witnesses retained by defense counsel to offer testimony at trial pursuant to Fed. R. Evid. 702. All members of defense counsel's team shall be subject to this Protective Order. No member of defense counsel's team shall be a relative of or have a relationship with the defendant that pre-dates the defendant's arrest in this case.

5. Defense counsel shall review the terms of this Protective Order with the defendant and members of the defense counsel's team. Further, defense counsel

2

shall have every member of the defense counsel's team sign a copy of the order and return it to the government, affirming that they understand the terms of the Protective Order, prior to reviewing the Protected Discovery.

6.  The defendant may inspect and review the Protected Discovery, but only after having reviewed this Protective Order, and while in the presence of defense counsel or a member of defense counsel's team, and may not otherwise access these materials, and may not retain the materials, even temporarily.

7.  Protected Discovery shall only be used in the preparation of a defense or in plea negotiations in connection with this matter and for no other purpose.

8.  Absent prior agreement of the government or permission from the Court, Protected Discovery shall not be included in any public filing with the Court, and instead shall be submitted under seal. If the government becomes aware that the justification for designating a particular item as Protected Discovery no longer exists, the government shall advise defense counsel and the Court that such material is no longer subject to the Protective Order.

9.  The discovery in this case may also include materials, not covered by Paragraph 2 above, containing PII, which defense counsel may share only if the PII has first been redacted from the Protected Discovery. If defense counsel wishes to use discovery material containing unredacted PII with any witness or potential witness, or to make further disclosure or dissemination of discovery material

3

containing unredacted PII, defense counsel must first make ex parte application to the Court explaining the basis for the disclosure of PII, and may make such disclosure only after such application is granted by the Court. In the event defense counsel seeks to use discovery material containing unredacted PII in a filing with the Court or during a court proceeding, such party will comply with Fed. R. Cr. P. 49.1(a), will ensure that court transcripts are appropriately redacted to protect PII, and will seek permission from the Court before any such discovery material with unredacted PII is publicly filed.

10.Either party to this Protective Order may petition the Court at any time for a modification of the Protective Order. Defense counsel may petition the Court at any time to challenge the government's designation of material as Protected Discovery, provided, however, that defense counsel must first explain the basis for his concerns in writing to the government, and the government must have a reasonable time to respond to those concerns.

Dated:   4/12/2022

/s/ Christina Reiss
_____
Christina Reiss
United States District Court Judge

4